Morphy, J.
This suit was brought by the petitioner, as the natural tutor of his minor children, to recover money alleged to be due to them. There was a judgment of nonsuit below, from which he has appealed. Since the case has been brought up, the •plaintiff has died, and John Turpin, his testamentary executor, has made himself a party to the appeal. Its dismissal is now prayed for by the defendant and appellee, on the ground that there is no party in court legally qualified to appear on behalf of the minors, the real plaintiffs in the suit. It is clear, that the executor of the deceased has no quality or capacity to represent the minor children of his testator, or to receive, or administer their property. The sums sought to be recovered, form no part of the estate under his administration, as executor. -On the death of their father, these minors should have been provided with another tutor, and he should have been made a party instead of the executor of their late tutor. But while we concur in opinion with the appellee, that the minors are yet unrepresented, we think that his motion to dismiss should not.prevail. The appeal was well taken by the former tutor, and the minors should not suffer from the neglect of their relatives or friends, to procure the appointment of another tutor, until they are provided with a legal representative or become of age. The case must stand continued.
*371 It is, therefore, ordered, that tire motion to dismiss be overruled, and that the case stand continued to make the proper parties.